UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Jack W. Hackett, III,                                                   Case No. 3:25-cv-589

           Plaintiff,

    v.                                                                      MEMORANDUM OPINION
                                                                            AND ORDER

Pathway, Inc.,

           Defendant.


       On March 25, 2025, Plaintiff John W. Hackett, III filed his four-page Complaint against Defendant Pathway, Inc., alleging Pathway, Inc. did not hire Hackett as its Chief Executive Officer because of his Caucasian race. (Doc. No. 1). To this Complaint, Hackett attached a Notice of Right to Sue from the Ohio Civil Rights Commission ("OCRC"), stating:

> Pursuant to Ohio Revised Code 4112.051, you may file a civil action against the Respondent(s) alleging a violation of Ohio Revised Code 4112. The lawsuit may be filed in any State of Ohio court that has jurisdiction over the matter. . . . FOR FEDERAL COURT FILINGS: Notices of Right to Sue under federal law will be issued by the EEOC.

(Doc. No. 1-2 at 3) (all capitals in original).

       Pathway, Inc. responded to the Complaint by filing a motion seeking either: (a) an Order requiring Hackett to "file an amended complaint identifying each cause of action Plaintiff alleges against Pathway and the specific statutory basis for each cause of action;" or (b) dismissal of the Complaint for lack of subject matter jurisdiction because Hackett's Complaint, which "does not specify whether he intends to pursue claims against Pathway under federal law, Ohio law, or both, . . . does not adequately allege a basis for federal question jurisdiction." (Doc. No. 6 at 1).

Hackett filed a brief in opposition to the motion. (Doc. No. 8). In this brief, Hackett sought "leave to file an Amended Complaint which will set forth the fact that he is suing under both the Federal and State Civil Rights statute" but did not attach a proposed First Amended Complaint. (*Id.* at 1). Hackett then suggested an Amended Complaint was not necessary because the statute under which he sought to bring his claim was incorporated into the Complaint via the OCRC Notice of Right to Sue attached to his Complaint, stating:

> As to the Statute pursuant to which relief is sought, in the Federal Court that would be 42 U.S.C. §2000(e). In State Court, the action will proceed pursuant to O.R.C. §4112.02.

(*Id.*). And finally, Hackett alternatively sought leave:

> to amend the Complaint *nunc pro tunc* by including the following statement in Paragraph 1 of the Complaint: Suit is brought pursuant to 42 U.S.C. §2000(e) and relief is also sought on the basis of O.R.C. §4112.02. The claim is predicated on Defendant's reverse discrimination against Plaintiff.

(*Id.* at 2).

Pathway, Inc. filed a reply brief accurately identifying various procedural deficiencies with Hackett's opposition-brief requests to amend the Complaint. (Doc. No. 9). *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("Plaintiffs cannot . . . amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint."); *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("Normally, a party seeking an amendment should attach a copy of the amended complaint."). In its reply brief, Pathway, Inc. also correctly noted that the OCRC Notice of Right to Sue "did not authorize Plaintiff to file suit under federal law." (Doc. No. 9 at 3).

Without acknowledging the apparent shortcomings in his previous filings, Hackett's counsel then filed a "supplemental brief," (Doc. No.10), and attached a Right to Sue letter from the United States Equal Employment Opportunity Commission ("EEOC") dated April 3, 2025. (Doc. 10-1).

2

After considering the parties' briefing, I grant Pathway, Inc.'s motion to the extent that I order Hackett to file an Amended Complaint no later than March 15, 2026.  In drafting this Complaint, I urge Hackett's counsel to specifically identify (and number) each cause of action Hackett seeks to pursue through this case.  Additionally, I remind Hackett's counsel that the Amended Complaint must contain all of the items listed in Rule 8(a), including a "short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).

Finally, I deny without prejudice Hackett's motion for leave to conduct discovery, (Doc. No. 11), which was filed in violation of Local Rule 37.1 and my Standing Order regarding discovery disputes.  *See* Standing Orders, Judge Jeffrey J. Helmick, *available at* https://www.ohnd.uscourts.gov/content/judge-jeffrey-j-helmick.  ("No motion relating to discovery may be filed unless the parties, as required by Local Rule 37.1, have undertaken in good faith to resolve discovery disputes.  If counsel cannot resolve a discovery dispute despite their good faith efforts, they should email me a joint letter (Helmick_Chambers@ohnd.uscourts.gov) summarizing the nature of the dispute and the efforts to resolve it.  After I review the submission, my chambers will contact counsel regarding next steps toward resolution.").

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge